

| | | |
|---|---|---|
| **MURIEL GOODE-TRUFANT**<br>*Corporation Counsel* | T**HE** C**ITY OF** N**EW** Y**ORK**<br>**LAW DEPARTMENT**<br>100 CHURCH STREET<br>NEW YORK, NY 10007 | **Robyn L. Rothman**<br>*Senior Counsel*<br>Labor & Employment Law Division<br>(212) 356-2450<br>rrothman@law.nyc.gov |

**BY ECF**                                                                December 18, 2025

Honorable Jennifer H. Reardon
United States District Judge
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:  <u>Dawn Renta v. The City of New York et al</u>
           Docket No. 25-CV-06932 (JHR)

Dear Judge Reardon:

      I am Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, attorney for Defendants City of New York, New York City Department of Education, Kara Laperle, and Miosotis ("Defendants") in the above-referenced action.  I write in accordance with Your Honor's Individual Rule 5(C) to summarize the substantive arguments made within Defendants' motion to dismiss the complaint in its entirety pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure.

      Plaintiff, a teacher employed by the New York City Department of Education ("DOE"), brings this action for disability discrimination under Title I of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 112101 *et seq.* ("ADA") and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-107 *et seq.* ("CHRL"). Plaintiff alleges that beginning in June 2024 following a stroke, the Defendants began to engage in, among other things, discriminatory conduct, retaliation for engaging in a protected activity and opposing discrimination, and actions leading to a hostile work environment. Plaintiff alleges that the defendants sought to pit Plaintiff's colleagues against; manipulated her evaluations, P#; failed to implement her reasonable accommodation; ignored her complaints regarding discriminatory and retaliatory conduct, P. #; and fabricated disciplinary actions against her.

      Defendants now move to dismiss the complaint in its entirety on both substantive and procedural grounds. As to the procedural grounds, Defendants argue that claims against Defendant City of New York must be dismissed because the City of New York and the DOE are separate legal entities and the City of New York cannot be held liable for the actions of DOE employees. Defendants also seek partial dismissal of Plaintiff's CHRL claims on the basis that any allegations prior to August 21, 2024 are time-barred.

### I.  Plaintiff Cannot Plausibly Allege Claims for Disability Discrimination Under the ADA and CHRL

Plaintiff's allegations do not rise to the level of adverse employment actions that are required to plead a claim for employment discrimination, and for any actions that are pleaded, the Complaint fails to otherwise show that Defendants acted against her based on her purported disability. The Complaint's assertion that Ramos made comments towards the faculty during a faculty meeting—despite Plaintiff's belief that the comments were directed at her—fails to qualify as adverse action. ¶ 24. *See Leehim v. N.Y.C. Dep't of Educ.,* No. 17-CV-3838 (PAE), 2017 U.S. Dist. LEXIS 192747, at *9-10 (S.D.N.Y. Nov. 21, 2017). The complaint also fails to allege that the notice of disciplinary conferences, change in class assignment or classroom were adverse employment actions or had any adverse consequences to plaintiff, such as loss of benefits, loss of income, or loss of employment title. *See Ramirez v. City of New York,* No. 23-CV-9450 (JPO), 2025 U.S. Dist. LEXIS 54219, at *11 (S.D.N.Y. Mar. 24, 2025).

Plaintiff's Complaint also lacks any allegations that she was subjected to unequal treatment because of her alleged disability, instead relying upon a generalized timeline of events during which the alleged discrimination and retaliation occurred. *See Zabar v. N.Y. City Dep't of Educ,* No. 18-CV-6657 (PGG), 2020 U.S. Dist. LEXIS 83840 at *26 (S.D.N.Y May 12, 2020) Plaintiff does not adequately plead disability discrimination under the CHRL because she fails to include any facts indicating that during the relevant period, her disability was the motivating factor for any of the alleged adverse actions taken against her.

Further, Plaintiff does not dispute that she was granted an accommodation. Even if Plaintiff alleges that the response "wholly disregarded her request", employer need not provide the accommodation requested by an employee. *See Gronne v. Apple Bank for Sav.,* 1 F. App'x 64, 67 (2d Cir 2001). Plaintiff does not otherwise allege that she was adversely affected during the remainder of the school year because her request was not fully accommodated. Plaintiff fails to offer any allegations that she was prevented from doing so and the Complaint lacks any allegations that of the preferred modes of writing and recording plaintiff was required to use.

### II.  Plaintiff Cannot Plausibly Allege Claims for Retaliation under the ADA and CHRL

Plaintiff's retaliation claims under the ADA and CHRL must be dismissed because Plaintiff fails to plausibly allege that she engaged in protected activity or that Defendants took an adverse retaliatory action against her because of that protected activity. Plaintiff's allegations do not establish that causal relationship by proximity or other circumstance, but clearly establish the actions Plaintiff complained of were neither a result of any protected activity or too attenuated to infer discriminatory retaliation. To the extent Plaintiff argues that she engaged in protected activity by writing a letter "on behalf of Ms. Yolanda Wright, an Assistant Principal at PS7, in support of Ms. Wright's tenure" Plaintiff's vague assertions do not plausibly establish that she engaged in protected activity by opposing workplace discrimination. In any event, this letter is too remote in time between when it was purportedly written and when Plaintiff began experiencing any alleged discriminatory conduct.

For the same reasons, Plaintiff cannot establish that any of the disciplinary conferences were in retaliation for engaging in a protected activity or were issued because of her alleged

disability because the disciplinary notices and conferences she alleged to have participated in and received cannot be linked to any protected activities plaintiff alleges to have engaged in because those events were too remote in time. Plaintiff's attempts to rely upon a general timeline of events to sufficiently plead a cause of action for retaliation despite those conferences being too remote in time after engaging in a protected activity is insufficient to plausibly allege a claim for retaliation. *See Bobrowsky v. New York City Bd. Of Educ.,* 1999 U.S. Dist LEXIS 14528 at *18.

### III.     Plaintiff Cannot Plausibly Allege Claims for Hostile Work Environment Under the ADA or CHRL

Plaintiff's claims should fail under the ADA and CHRL based on the absence of alleged animus that Plaintiff has tied to her purported disability. *See Zabar v. N.Y. City Dep't of Educ., 2*020 U.S. Dist. LEXIS 83840 (S.D.N.Y. May 12, 2020) The Complaint lacks any allegations that the defendants DOE, City, or Laperle harbored a discriminatory animus towards plaintiff or persons with disabilities. Likewise, even if Plaintiff alleges that Defendant Ramos harbored any discriminatory animus towards employees with disabilities as Plaintiff claims Defendant Ramos did towards another employee (¶ 22), she fails to otherwise allege what actions or statements Defendant Ramos made towards and about employees with disabilities, generally or Plaintiff, individually. At most, Plaintiff alleges that Defendants Ramos and Laperle were unduly severe, but notwithstanding Plaintiff's allegations of being spoken to rudely during the faculty meeting and in emails.

### IV.     Plaintiff Cannot Plausibly Allege Claims Under the CHRL for Supervisor Liability

Plaintiff's attempt to impose liability upon defendant DOE through the lack of response received by the Superintendent or the DOE in general must fail because there is no allegations of any discriminatory conduct much less that the DOE encouraged, condoned, or approved any allegedly wrongful conduct against Plaintiff. *Zakrzewska v. New School*, 14 N.Y.3d 469, 479 (2010) (quoting Administrative Code of City of NY § 8-107 (13) (b) (1)-(3)).  Likewise, Plaintiff also fails to allege that the absence of a response from DOE or the Superintendent were because of any discriminatory animus.  Accordingly, Plaintiff's claim under the CHRL must be dismissed.

### V.     Plaintiff Cannot Plausibly Allege Claims Under the CHRL for Interference With a Protected Right

The complaint lacks any allegations that either Defendants Ramos, Laperle, or DOE threatened or otherwise affirmatively interfered with Plaintiff's exercise of a protected right as the allegations make clear, plaintiff was granted sick leave when requested and provided a reasonable accommodation. The complaint lacks any allegations that the defendants forbade her from engaging in a protected right or otherwise threatened her when doing so. *Zimmer v. Warner Bros. Pictures*, 103732/2012, 2016 NYLJ LEXIS 4908, at *16  (Sup Ct. N.Y. County Dec. 23, 2016)

                Respectfully submitted,

                _____/s/_____
                Robyn L. Rothman
                Senior  Counsel